

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# USA v. Gulley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1298

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Gulley" (2008). *2008 Decisions*. Paper 989.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/989

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1298
_____

UNITED STATES OF AMERICA

v.

WILLIE GENE GULLEY
a/k/a HEAD
a/k/a MOSES

Willie Gene Gulley,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00016J)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2008

Before:  FISHER and JORDAN, *Circuit Judges*, and YOHN,[*] *District Judge*.

(Filed: June 23, 2008)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable William H. Yohn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Willie Gulley, Jr. pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and less than 100 grams of heroin in violation of 21 U.S.C. § 846. The District Court sentenced him to 151 months imprisonment, and he now appeals. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Based on an ongoing investigation of drug sales in Johnstown, Pennsylvania, Johnstown police officers executed a search warrant at Gulley's residence. The police found a loaded revolver and ammunition. The search also uncovered evidence demonstrating that Gulley had engaged in drug transactions involving thousands of dollars during the preceding six months.

Gulley was charged with the following five counts: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and less than 100 grams of heroin in violation of 21 U.S.C. § 846; (2) distribution of less than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); (3) possession with intent to distribute less than 5 grams of cocaine base in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(c); (4) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (5) possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On March 17, 2006, Gulley pleaded guilty to the first count. In his plea agreement, he acknowledged his responsibility for the remaining four charged counts, and stipulated that the court could consider the conduct in those four counts in imposing its sentence. Additionally, Gulley's plea agreement contained an appellate waiver.

On December 12, 2006, the District Court conducted Gulley's sentencing hearing. Utilizing the applicable United States Sentencing Guidelines ("Guidelines"), the District Court found that Gulley's base offense level was 32, but it increased his base offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) because the specific offense involved his possession of a dangerous weapon. With a total offense level of 34 and a Criminal History Category of IV, the advisory Guidelines range was 151 to 188 months. The District Court sentenced Gulley to 151 months imprisonment and a five-year term of supervised release. This appeal followed.[1]

---

[1]The District Court entered its judgment of sentence on December 13, 2006, and Gulley filed his appeal on January 29, 2007. Under Federal Rule of Appellate Procedure 4(b)(1), a criminal defendant must file a notice of appeal within ten days of the entry of judgment. However, the court may extend the ten-day period by an additional thirty days under Federal Rule of Appellate Procedure 4(b)(4). Here, Gulley's attorney did not follow Gulley's instruction to file a notice of appeal, and Gulley then filed a pro se motion for an extension of time on January 23, 2007, forty-one days after the District Court entered its judgment. The District Court granted Gulley's motion for an extension, and he filed the notice of appeal six days later. The government does not challenge the

3

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We retain jurisdiction over an appeal, even where, as here, the defendant has waived his right to appeal. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, "we will not exercise that jurisdiction to review the merits of [the defendant's] appeal if we conclude that [he] knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.*

## A.

We must first consider whether Gulley knowingly and voluntarily waived his right to appeal considering the clarity of the appellate waiver and his plea colloquy. *See Gwinnett*, 483 F.3d at 203. The language of the appellate waiver Gulley signed is clear. In pertinent part, it states:

> Willie Gene Gulley, Jr. waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
> (a)    If the United States appeals from the sentence, Willie Gene Gulley, Jr. may take a direct appeal from the sentence.
> (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Willie Gene Gulley, Jr. may take a direct appeal from the sentence.

timeliness of Gulley's appeal, and we will not consider the issue sua sponte, particularly because we are not exercising jurisdiction over this appeal.

4

This language sufficiently apprised Gulley that he could appeal his sentence only if it was greater than the statutory maximum sentence or if it was unreasonably beyond the Guidelines range.

With regard to Gulley's plea colloquy, no record of the colloquy is before us, but the District Court issued an order in which it accepted Gulley's plea.[2]  Although we cannot review precisely what the court said to Gulley, its order indicated that it discussed his rights and the applicable Guidelines and statutory maximums with him.  In his brief to this Court, Gulley does not argue that the District Court did not sufficiently apprise him of the consequences of the appellate waiver, or that he did not enter into the appellate waiver knowingly and voluntarily.  Because the appellate waiver contains clear language apprising Gulley of the limitation of his appellate rights, and the District Court's order indicates that it adequately advised him, which he does not dispute, we will conclude that he entered into the appellate waiver knowingly and voluntarily.

B.

We must next consider whether the District Court has erred such that a "miscarriage of justice" would result if we did not exercise jurisdiction over the merits of

---

[2]According to PACER, the District Court conducted the plea colloquy with a stenographer present, but the government did not provide a transcript in the record.  This oversight does not affect the outcome of the present case for the reasons described.  However, for appeals in which the defendant argues that the District Court did not sufficiently describe the agreement such that he did not enter into it knowingly and voluntarily, it would behoove the government to have the plea colloquy in the record for our review.

Gulley's appeal. *See Gwinnett*, 483 F.3d at 203. In determining whether an error would work a miscarriage of justice, we must consider the following factors:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (internal quotation marks and citation omitted).

Gulley argues that the District Court erred in sentencing him in two ways. First, he argues that the District Court should not have applied the two-level enhancement for firearm possession to his base offense level because the firearm was not his.[3] However, as Gulley accepted responsibility for the charge of firearm possession in his plea agreement, the District Court's finding of fact that the conduct had occurred was not clearly erroneous. *See United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2006). Moreover, the District Court properly applied the legal standard because it was not "clearly improbable" that the loaded handgun, which the police found near the front door of Gulley's residence, was connected to the conspiracy at issue. *See* U.S.S.G. § 2D1.1 n.3 (stating that "the enhancement would not be applied if the defendant, arrested at his

---

[3]The government argues that Gulley has waived this argument because he did not properly object to the District Court's inclusion of the enhancement in terms of the calculation of the offense level. Nevertheless, we will address this argument because discussing potential errors is necessary in determining whether enforcing the appellate waiver would result in a miscarriage of justice.

residence, had an unloaded hunting rifle in the closet"); *see also United States v. Drozdowski*, 313 F.3d 819, 822-23 (3d Cir. 2002). Thus, the District Court properly calculated the Guidelines range as required by *Gall v. United States*, 552 U.S. \_\_, 128 S. Ct. 586, 597 (2007), in choosing to add the two-level enhancement to Gulley's base offense level.

Second, Gulley argues that the District Court's sentence of 151 months was unreasonable. However, the District Court adequately considered the 18 U.S.C. § 3553(a) factors in determining Gulley's sentence. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Thus, the District Court's sentence was not unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), and its progeny. Therefore, we can find no error in the District Court's imposition of Gulley's sentence, let alone find an error grave enough to result in a miscarriage of justice.

As Gulley has not demonstrated that enforcing his knowing and voluntary waiver of his appellate rights would result in a miscarriage of justice, we will not exercise jurisdiction over his appeal.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.